IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH HORNE,
    Plaintiff,

vs.                                            Case No.:  3:09cv194/MCR/EMT

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon "Plaintiff's Unopposed Motion for Attorney Fees Under Social Security Act, 42 U.S.C. 406(b)" (doc. 35).  Defendant Commissioner of the Social Security Administration ("Commissioner") has filed a response thereto and, at the court's direction, a supplemental response (*see* docs. 37, 38, 39).  In the motion Plaintiff's counsel (hereinafter "Petitioner") seeks attorneys' fees in the amount of $20,244.00; in his responses the Commissioner states he does not contest an award under § 406(b) but asks the court to award a reasonable amount of fees (*see* docs. 37, 39).

I.    BACKGROUND

On May 4, 2009, Plaintiff hired Petitioner to represent him in connection with his claim for disability benefits (doc. 35, Ex. B).  Plaintiff signed a fee agreement with Petitioner in which he agreed to pay attorneys' fees equaling 25% of any accumulated past due benefits paid to him in the event of a successful prosecution of his claim (*id.*).[1]  On May 6, 2009, Petitioner filed a civil action

---

[1] Prior to employing Petitioner, Plaintiff's claim had been denied initially, upon reconsideration by the Commissioner, and after a hearing before an Administrative Law Judge ("ALJ"); additionally, the Appeals Council had denied Plaintiff's request for review (*see, e.g.*, doc. 21 at 2; doc. 10 (Transcript) at 1).

in this court on Plaintiff's behalf (*see* doc. 1). On October 19, 2009, Petitioner filed a memorandum in support of Plaintiff's complaint, and the Commissioner filed a responsive memorandum on January 19, 2010 (docs. 14, 19). On June 29, 2010, the undersigned issued a report and recommendation, recommending that Plaintiff's case be remanded for additional administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g) (doc. 21). On August 16, 2010, over the Commissioner's objection (*see* doc. 24), the district court adopted the report and recommendation and remanded Plaintiff's case (doc. 26). Judgment was entered the same day (doc. 27). Plaintiff was subsequently awarded fees in the amount of $2,970.54, pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act ("EAJA")) and Astrue v. Ratliff, 130 S. Ct. 2521 (2010) (*see* docs. 29, 31, 32).[2] Additionally, following this court's remand of Plaintiff's case, an ALJ issued a fully favorable decision, which resulted in a sizable of award of past due benefits to Plaintiff and his daughter (*see* doc. 35 at 1–2 & n.1).

II.     ANALYSIS

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions, the EAJA and 42 U.S.C. § 406. The EAJA allows for an award of attorneys' fees against the government when the party seeking fees is the prevailing party in a civil action brought against the United States. 28 U.S.C. § 2412. Fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid out of Social Security Administration funds. McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006). Title 42 U.S.C. § 406 allows for recovery of attorneys' fees for representation of individuals claiming Social Security benefits, both at the administrative level and in court. "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Gisbrecht v. Barnhart, 535 U.S. 789, 794, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). For representation of a benefits claimant at the administrative level, an attorney may file a fee agreement with the agency

---

[2] As this court is well aware, in this district in many instances prior to the Ratliff decision, EAJA awards were made payable directly to counsel, not the prevailing plaintiff. Since Ratliff, however, the usual practice in this district is to direct payment of an EAJA award to the prevailing plaintiff, as was done in the instant case.

in advance of a ruling on the claim for benefits. Section 406(a). If the ruling on the benefits claim is favorable to the claimant, the agency will generally approve the fee agreement subject to a limitation that the fees may not exceed the lesser of 25% of past due benefits or $5,300.00. Gisbrecht, 535 U.S. at 795.  For proceedings in court, when a judgment favorable to the benefits claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment." Section 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.* Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorneys' fees for the same services provided under the EAJA and the Social Security Act. *See* § 406(b)(1)(A).

In 2002, the Supreme Court held that the provision of § 406(b) that limits attorney fees to 25% of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling. Gisbrecht, 535 U.S. at 808–09. The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Accordingly, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

The Supreme Court did not specifically define the factors that lower courts should consider when determining the reasonableness of a § 406(b) fee. It did, however, note with approval the approach of courts that have reduced an attorney's recovery based on the character of the attorney's representation and the results the representation achieved. *Id.* at 808 (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989)). For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. *Id.* (citing Rodriguez v. Brown, 865 F.2d 739, 746 (6th Cir. 1989)). In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* (citing Rodriguez, 865 F.2d at 739 and Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

In the instant case Petitioner requests a fee of $20,244.00 for 19.05 hours of work spent representing Plaintiff in this court (doc. 35 at 1 & Ex. at 3). The amount requested by Petitioner

Case No.:  3:09cv194/MCR/EMT

is derived from a notice received from the Commissioner indicating that $13,499.50 is being withheld from Plaintiff's award by the Commissioner's Office of Central Operations, in anticipation of direct payment of authorized attorneys' fees (doc. 35 at 2 & n.1; *see also* doc. 35, Ex. A).[3] Plaintiff's daughter was also awarded fees, and the Commissioner has also withheld a portion of her award.[4]

Petitioner's request is made pursuant to 42 U.S.C. § 406(b) and does not exceed the maximum recovery permitted under the terms of that statute. Additionally, in support of Petitioner's argument that the amount he requests is reasonable, Petitioner notes that he spent 19.05 hours litigating Plaintiff's case in this court, he obtained a favorable result for Plaintiff and his daughter, he is well experienced in this area of the law and limits his practice almost exclusively to representing disabled people, the favorable results in this case were achieved due to his expertise, and he represented Plaintiff for approximately sixteen months (*see* Doc. 35 & Ex. C). Further, Petitioner states that the fee is reasonable because Plaintiff agreed to pay a fee of 25% of his past-due benefits, and the amount requested is consistent with the agreement (*id.*).

The Commissioner notes that an award of $20,244.00, based on 17.2 hours of work, would be equivalent to a de facto hourly rate of $1,176.98 ($20,244.00/17.2 hours), but the Commissioner

---

[3] Although the notice does not indicate the precise amount awarded to Plaintiff in past due benefits, Petitioner avers that the total award must have amounted to $55,197.00, because $13,499.50 is 25% of $55,197.00 (*see* Doc. 35 at 2 n.1 & Ex. 1). Although the Commissioner has not disputed these calculations or figures (*see* docs. 37, 39), the court notes that Petitioner's mathematical calculations are inaccurate. Plaintiff's notice does indicate that $13,499.50 is being withheld from his award (*see* doc. 35, Ex. 1 at 4), but $13,499.50 is 25% of $53,998.00. Thus, Plaintiff's total award must have been $53,998.00, not $55,197.00.

[4] Petitioner states that the award notice as to Plaintiff's daughter reflects that the total amount of her award is $28,176.00 and, therefore, that Petitioner is entitled to $7,044.00 (25% of her award) (*see* doc. 35 at 2 & n.1). The court notes, however, that the daughter's notice reflects that $6,744.50 was withheld from her award; thus, her total award must have amounted to $26,978.00. Accordingly, the total award to Plaintiff and his daughter is $80,976.00 ($53,998.00 (*see* n.3, *supra*) + $26,978.00), 25 % of which is $20,244.00. It should be noted that Petitioner states in his motion that "for some unknown reason only $20,244.00 was withheld" from the total award (doc. 35 at 2) (emphasis added). He further states he is willing to accept this amount even though he believes he is entitled to a greater amount (*id.*). However, Petitioner is not entitled to more; the higher figure he thinks he is entitled to was derived from erroneous calculations.

Case No.: 3:09cv194/MCR/EMT

does not necessarily object to the amount claimed by Petitioner (*see* Doc. 37).[5]  Rather, the Commissioner requests only that the court "review Plaintiff's application and order a reasonable 406(b) fee award" (*id.* at 2; *see also* doc. 39).

Cases decided since Gisbrecht have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non contingent fee cases.  *See, e.g.*, Joslyn v. Barnhart, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding de facto hourly rate of $891); McPeak v. Barnhart, 388 F. Supp. 2d 742 (S.D.W. Va. 2005) (approving $681); Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving $450); Boyd v. Barnhart, 2002 U.S. Dist. LEXIS 26690 (E.D.N.Y. 2002) (approving $455); Dodson v. Barnhart, 2002 U.S. Dist. LEXIS 27408 (W.D. Va. 2002) (approving $694); Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (approving $350).  Additionally, the undersigned notes that cases in this District have resulted in similar results. *See, e.g.*, Jones v. Astrue, Case No. 3:04cv362/MCR/EMT (approving $1,027.50 on February 28, 2008 (docs. 41, 42)); Lambert v. Barnhart, Case No. 3:03cv302/RV/MD (approving $982 on September 5, 2006 (docs. 26, 27)); White v. Barnhart, 3:02cv78/LAC/MD (approving $741.81 on February 9, 2005 (docs. 32, 33)).  Moreover, in another case in this District, the court reduced a requested fee, but still awarded the petitioner a fee based on an effective hourly rate of $1,250.00, in a case in which plaintiff prevailed in this court, but on an issue identified by the magistrate judge, not by counsel.  Lindsey v. Barnhart, 3:99cv475/RV/MCR (N.D. Fla. 2003).

III. CONCLUSION

The undersigned finds that the fee requested, which is the fee contemplated in the fee agreement between Plaintiff and Petitioner, while high, is in line with other reported post-Gisbrecht decisions, and is reasonable.  In pertinent part, the court notes that there is no dispute as to whether the amount requested is within the statutory and contract-based maximum of 25% of past due benefits.  Moreover, there is no allegation of undue delay by Petitioner, and he has represented Plaintiff for some time on a contingency basis, all the while assuming a risk that he would recover

---

[5] The court cannot determine the basis for the Commissioner's assertion that Petitioner expended 17.2 hours on Plaintiff's behalf.  Petitioner's motion and documentation reflect that the actual number of hours expended is 19.05.  The court will therefore use the latter amount, which results in a de facto hourly rate of $1,062.68 ($20,244.00/19.05).

Case No.: 3:09cv194/MCR/EMT

no fee for his services.  Additionally, the court cannot fault the character of the representation provided by Petitioner in this case, as Petitioner was effective in achieving a remand in this court, which ultimately led to a favorable disability determination by the Commissioner and resulted in a sizable benefits award to Plaintiff and his daughter.  Moreover, a less experienced attorney than Petitioner may have expended significantly more time on Plaintiff's case, and Petitioner should not be penalized for his expertise and efficiency.  In short, the court is persuaded that Petitioner has met his burden of showing that his request for $22,244.00 in attorneys' fees, which equates to a de facto hourly rate of  $1,062.68, is reasonable.[6]  Finally, since the EAJA award in this case was paid directly to Plaintiff, Petitioner is not required to refund to Plaintiff any part of the instant award.

Accordingly, it is respectfully **RECOMMENDED**:

That the Motion for Attorney Fees Under the Social Security Act, 42 U.S.C. § 406(b) (doc. 35) be **GRANTED**.  Petitioner should be awarded attorneys' fees in the amount of $20,244.00, to be paid out of the sums withheld by the Commissioner from the past due benefits of Plaintiff and his daughter.

At Pensacola, Florida, this 8th day of November 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[6] The court notes that the drafting of this report was needlessly complicated due to the erroneous calculations described *supra* (by both Petitioner and the Commissioner's attorney).  As the undersigned has previously stated, in a case in which the Commissioner was represented by the same attorney, and both parties submitted pleadings that contained scrivener's errors, "In order to facilitate and hasten this court's review, in the future the parties should carefully review all mathematical calculations for accuracy."  Grady v. Astrue, No. 3:09cv458/WS/EMT (doc. 24) (emphasis in original).  The undersigned repeats the admonition here.

Case No.:  3:09cv194/MCR/EMT